JESSIE P. TIDWELL v. GALMON GARFIELD CRISP AND BENNY GARFIELD CRISP, MINOR, BY HIS GUARDIAN AD LITEM.

(Filed 20 October, 1965.)

APPEAL by defendant, Benny Garfield Crisp, from *Martin, S. J.,* March 1965 Civil Session of GASTON.

*Whitener & Mitchum for plaintiff.*
*Hollowell & Stott for defendants.*

PER CURIAM. Plaintiff sues to recover damages for personal injuries suffered by her when the automobile in which she was riding ran off the road (Rural Paved Road 2425 in Gaston County) and collided with trees. She alleges that defendant, Benny Garfield Crisp (Benny), was driving the automobile and the accident and her injury were caused by his negligence, consisting of operating the automobile while under the influence of intoxicating liquor, reckless driving, speeding, failing to keep a proper lookout and failing to keep the vehicle under reasonable control. She also alleges that the automobile was owned by and registered in the name of defendant Galmon Garfield Crisp (Galmon), father of Benny, it was a family purpose car, and Benny is a member of Galmon's household and drove the car as Galmon's agent.

Defendants, answering, deny all material allegations of the complaint including the allegations of agency, and aver that plaintiff was operating the automobile at the time of the accident and, if the jury should find that Benny was the operator, that plaintiff was contributorily negligent in failing to protest to Benny concerning the manner of his operation.

For its verdict the jury found that plaintiff was injured by Benny's negligence, plaintiff was not contributorily negligent, the amount of plaintiff's damages is $10,000, and Benny was not Galmon's agent. Judgment was entered accordingly. Benny appeals, and assigns as error the denial of his motion for nonsuit, and challenges certain aspects of the judge's instructions to the jury.

The evidence, when considered in the light most favorable to plaintiff, discloses these facts: Benny, age 18, and plaintiff, age 39, worked the "night shift" in the same mill. After work on the morning of 9 August 1962 Benny invited plaintiff and another to go for a ride in his new car. They left plaintiff's home about 8:00 A.M., drove to South Carolina, and made three stops at beer taverns. At the first stop Benny drank a bottle of beer and shared with three others two pitchers of beer — plaintiff drank one glass. At the second stop Benny drank two bottles of beer — plaintiff drank one. At the third stop Benny drank one bottle of beer. From there they headed north toward plaintiff's home. Benny "scratched off" and once under way kept increasing speed. He was driving between 60 and 80 miles per hour. The right wheels ran onto the shoulder of the road. Plaintiff said, "Oh, Lord, Benny," and he said, "I'm driving." The car made tire marks a distance of 588 feet on the shoulder; the shoulder was "torn up" — "the dirt was loosened." The automobile ran off the road to the right and struck two trees.

Plaintiff sustained serious and permanent injuries. Among other injuries, her right leg "was severed all except for a large nerve and artery and vein in the back part of the knee." The leg was not amputated but "She has a shortening of the right lower extremity of about an inch and one half and a fusion of the right knee. There is no joint."

Defendants' evidence tends to show that plaintiff was driving at the time of the accident.

The evidence is sufficient to repel defendants' motion for compulsory nonsuit. The charge is free of prejudicial error and the exceptions thereto are not sustained.

No error.